1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LORENZO GREGGE, JR.,                    No. CIV S-09-2561-GEB-CMK-P

12              Plaintiff,

13         vs.                               FINDINGS AND RECOMMENDATIONS

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,
15
                Defendants.
16
     _____/
17

18            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

19   U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

                                              1

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5   allege with at least some degree of particularity overt acts by specific defendants which support

6   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7   impossible for the court to conduct the screening required by law when the allegations are vague

8   and conclusory.

9

10                            **I.  PLAINTIFF'S ALLEGATIONS**

11          Plaintiff names the following supervisory personnel as defendants: Susan

12   Hubbard, the Director of the California Department of Corrections and Rehabilitation ("CDCR");

13   Matthew Kate, the Secretary of the CDCR; and James Yates, the warden of Pleasant Valley State

14   Prison.  Plaintiff also names the CDCR as a defendant.

15          Plaintiff alleges generally that defendants were deliberately indifferent to his

16   health and safety, in violation of the Eighth Amendment.  Specifically, he claims that he was

17   exposed to and eventually contracted "Valley Fever" while at Pleasant Valley State Prison.  As to

18   defendant Hubbard, plaintiff claims that she is liable because "[s]he is legally responsible for the

19   overall operation of the Department and each institution under its jurisdiction, including Pleasant

20   Valley State Prison."  He asserts that, upon learning of the existence of Valley Fever at the

21   prison, defendant Hubbard should have shut down the institution.  As to defendant Kate, plaintiff

22   alleges he is liable because "[h]e is legally responsible for the care, custody, treatment, training,

23   discipline, and employment of inmates. . . ."  As to defendant Yates, plaintiff claims that he is

24   liable by virtue of his role as prison warden.  Plaintiff does not allege that any of the individual

25   defendants personally participated in any constitutional deprivation.

26   / / /

## II.  DISCUSSION

At the outset, the court observes that the CDCR is not a proper defendant.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

As to the remaining defendants – who are all supervisory personnel – the court finds that plaintiff has not stated a claim.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

1    Here, plaintiff has not alleged any actual conduct by any of the individual

2  supervisory defendants.  Rather, plaintiff's allegations assert the garden variety respondeat

3  superior theory of liability.  As discussed above, such a theory is insufficient in civil rights

4  actions.  Specifically, plaintiff's theory that defendants were aware of constitutional violations

5  but failed to act has been rejected by the Supreme Court.

6

7                            **III.  CONCLUSION**

8    Because it does not appear possible that the deficiencies identified herein can be

9  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

10 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

11   Based on the foregoing, the undersigned recommends that:

12       1.      This action be dismissed;

13       2.      All pending motions be denied as moot; and

14       3.      The Clerk of the Court be directed to enter judgment and close this file.

15   These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

17 after being served with these findings and recommendations, any party may file written

18 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

19 Findings and Recommendations."  Failure to file objections within the specified time may waive

20 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22
   DATED: March 24, 2010

23
                                              _____
24                                            **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE
25

26